U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 8 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| ARIES MARINE CORPORATION | * | CV 05-1883 |
| VERSUS | * | JUDGE MELANCON |
| JOHN LOLLY | * | MAGISTRATE JUDGE HILL |

*********************************************************************

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, John Lolly, respectfully submits this Memorandum in Support of his Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. As established below, the obligation of Aries Marine Corporation ["Aries Marine"] to tender maintenance and cure payments to Mr. Jolly has not yet dissolved because Mr. Jolly has not reached maximum medical cure with respect to his back injury. Thus, as a matter of law, Plaintiff's Complaint for Declaratory Relief should be dismissed.

I. **BACKGROUND**:

On February 5, 2005, Mr. Lolly was working for Aries Marine aboard an offshore supply vessel, the M/V Chris V. The crew loaded pipe onto the vessel at Pelican Island and departed for an oil rig in the Gulf of Mexico. Upon arriving, deckhands secured the vessel to the oil rig, and Mr. Lolly had the responsibility of going to the ship's bow and dropping the anchor. While attempting

to reach the bow. Mr. Lolly slipped as a result of barite, grease, and dirt coating the pipes, which caused him to be slammed to the deck and to sustain injuries to his knee, back, and thumb.

On August 15, 2005, Dr. W.R. McArthur, Mr. Lolly's treating orthopaedic surgeon, examined Defendant and opined that, with respect to his knee injury, Mr. Lolly had reached maximum medical improvement, but has a 5% permanent partial impairment to his lower extremity as a result of having to wear a brace.[1] However, Dr. McArthur did not find that Mr. Lolly had reached maximum medical cure with respect to his back injury. To the contrary, Dr. McArthur specifically stated that although he had been treating Mr. Lolly primarily for his knee injury, he had conducted a back work up "showing some facet disease and central disc bulge."[2] He further expressed the opinion that Mr. Lolly needed to treat with Dr. Kamel Elzawahry for his back injury, and that if the back injury did not improve, Mr. Lolly would be confined to "very light work."[3] Dr. McArthur therefore referred Mr. Lolly to Dr. Elzawahry for treatment of his back injury, diagnosing the condition as: (1) patellofemoral syndrome, and (2) lumbosacral strain.[4]

On October 19, 2005, Mr. Lolly was sent by Aries Marine to be examined by Dr. Philip C. Benton, an orthopaedic surgeon with Southern Orthopaedics and Sports Medicine. Dr. Benton's clinical assessment stated that in his opinion, Mr. Lolly's injuries were "directly related to the occupational event...."[5] He further noted that Mr. Lolly's "major symptom" was "pain or subjective

---

[1]  *See* August 15, 2005 Letter of Dr. McArthur attached as Exhibit A.

[2]  *Id.*

[3]  *Id.*

[4]  *See* August 15, 2005 Prescription attached as Exhibit B.

[5]  *See* Report of Dr. Philip C. Benton attached as Exhibit C.

altered sensation **with a plausible anatomic associated cause.**"[6]  Dr. Benton also stated in his report that one of the specified diagnoses for which Mr. Lolly was receiving treatment is back pain.[7] Following that examination, Dr. Benton prescribed the pain medication Celebrex for Mr. Lolly.[8]

II.  **LAW AND ARGUMENT**:

A.  **Standard for Granting a Rule 12(b)(6) Motion to Dismiss**:

This Court may dismiss a complaint when it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Fed. R. Civ. P. 12(b)(6) (West 2005).[9] Because Aries Marine seeks a declaratory judgment that Mr. Lolly is no longer entitled to maintenance and cure, the issue is whether Aries Marine has pleaded facts entitling it to relief under general maritime law. Mr. Lolly has not reached maximum medical improvement with respect to his back injury, and he is still entitled to maintenance and cure payments from Plaintiff. Accordingly, Defendant has failed to state a claim for relief under Rule 12(b)(6).

B.  **Maintenance and Cure**:

Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship and is a contractual obligation that arises

---

[6]  *Id.* (emphasis added).

[7]  *Id.*

[8]  *See* August 19, 2005 Prescription attached as Exhibit D.

[9]  Ordinarily, when determining whether to grant a motion to dismiss, the district court must not go outside the pleadings, acepting all well-pleaded facts as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 2365 (1974). Nevertheless, the United States Fifth Circuit has recognized an exception to this rule where the documents a defendant proffers are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, (5th Cir. 2003). Defendant submits that the reports attached to this motion should be considered by this Court, as they are both referred to in Plaintiff's complaint and central to Plaintiff's complaint.

independent of tort law. *See Boudreaux v. U.S.*, 280 F.3d 461, 468 (5th Cir. 2002). The doctrine entitles an injured seaman, such as Mr. Lolly, to maintenance, which encompasses food and lodging of the kind and quality he would have received aboard the ship, and cure, which encompasses not only the obligation to reimburse medical expenses actually incurred, "but also to ensure that the seaman receives the proper treatment and care." *Id.* With respect to cure, the obligation to pay continues until the seaman is cured, or, if there is a permanent impairment, until he reaches the point of maximum medical recovery. *See In Re Cooper/T.Smith Stevedoring Co, Inc.*, 942 F.Supp. 267, 270 (E.D. La. 1996).

As a result, maintenance and cure payments may terminate only when maximum cure has been reached, or "where it is probable that further treatment will result in no betterment in the claimant's condition." *Boudreaux*, 280 F.3d at 468 (citing *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). If the court finds that further treatment would improve the claimant's condition, "it necessarily follows that he has not reached maximum medical cure." *Id.* at 469.

For example, the court in *In Re Cooper/T.Smith Stevedoring Company, Inc.*, 942 F.Supp. 267 (E.D. La. 1996), found that an injured seaman was entitled to maintenance and cure where his physicians found that further treatment would improve his physical condition. Specifically, the court stated that in the case of permanent injury, maintenance and cure continues until the seaman's incapacity is diagnosed as being permanent. *Id.* at 270 (citing *Vella v. Ford Motor Co.*, 421 U.S. 1 (1975). Because the seaman's doctors had suggested that either a laminectomy or fusion would improve his physical condition, or increase his physical capabilities, the court held that the seaman was not then cured and had not yet reached maximum cure. *Id.*

Although Mr. Lolly may have reached maximum medical cure with respect to his knee injury, this is not the case regarding his back injury. This fact is supported by the reports and prescriptions

of Dr. W. R. McArthur and Dr. Philip C. Benton.[10]  Mr. Lolly therefore requires treatment for his back injury to improve his physical condition or increase his physical capabilities. Accordingly, pursuant to the above jurisprudence, he is not yet cured and has not yet reached maximum medical recovery.

III.  **CONCLUSION**:

Considering the foregoing, Defendant, John Lolly, respectfully requests this Court to grant his Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Rule 12(b)(6).

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC**

By: _____
**IRVING J. WARSHAUER (T.A.)**
**BAR NO. 13252**
**KARA M. HADICAN**
**BAR NO. 29234**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, on this 2nd day of December, 2005.

---

[10]  *See* Exhibits A, B, C and D.

5

                                                                                                     _____

                                                                                                      IRVING J. WARSHAUER