U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 6 2006

ROBERT H. SHEMWELL, CLERK
BY_____
               DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ARIES MARINE CORPORATION | CV 05-1883 |
| VERSUS | JUDGE MELANCON |
| JOHN LOLLY | MAGISTRATE JUDGE HILL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, John Lolly, respectfully submits this Reply Memorandum in Support of Motion to Dismiss. Although the Court has converted Defendant's pleading to a Motion for Summary Judgment, Plaintiff's complaint for declaratory relief still should not be entertained. It is reasonable to assume that Plaintiff, Aries Marine Corporation ["Aries"], filed the complaint in anticipation of Mr. Lolly's Jones Act lawsuit and is utilizing the Declaratory Judgment Act as an attempt to forum-shop. Federal jurisprudence mandates that Mr. Lolly's Jones Act claim and maintenance and cure claim be submitted to the same trier of fact, and if this Court considers Aries' complaint, Mr. Lolly will be deprived of his right to a jury trial. Furthermore, even if this Court chooses to entertain Plaintiff's declaratory complaint, Defendant is still entitled to summary judgment on the merits. Mr. Lolly has not yet reached maximum medical cure, and thus, Aries' obligation to pay maintenance

and cure has not terminated.

I. **LAW AND ARGUMENT**:

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must consider the evidence presented in the light most favorable to the non-moving party, who must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under Rule 56, this Court should dismiss Aries' complaint for two reasons: (1) Plaintiff's declaratory complaint should not be entertained as a matter of law; and, (2) should this Court decide to consider the complaint, Mr. Lolly is entitled to dismissal on the merits, as he has not reached maximum medical cure.

A. **This Court should decline to consider Aries' complaint for declaratory relief**:

Federal jurisprudence mandates dismissal of Aries' complaint for declaratory relief. The complaint is a disingenuous attempt to forum-shop that will deprive Mr. Lolly of his right to a jury trial.

The Declaratory Judgment Act instructs that a district court is not required to consider declaratory relief, and that it is a matter for the district court's sound discretion whether to even entertain a declaratory judgment action. *See* 28 U.S.C. § 2201; *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). As the Fifth Circuit has advised, a district court's decision to entertain a declaratory judgment action should weigh a number of factors:

For example...because of a pending state court proceeding in which the matters

> in controversy between the parties may be fully litigated, because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, because of possible inequities in permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties and witnesses.

*Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (internal citations omitted). The Fifth Circuit also has importantly recognized that it "may be significant that a maintenance and cure claim joined with a Jones Act claim must be submitted to a jury when both arise out of one set of facts." *Rowan Companies, Inc. v. Blanton*, 764 F. Supp. 1090 (E.D. La. 1991)(citing *Griffin*, 876 F.2d at 28; *Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963)).

In *Rowan Companies, Inc. v. Blanton*, 764 F. Supp. 1090 (E.D. La. 1991), for example, the plaintiff-corporation brought a complaint for declaratory relief seeking adjudication and declaration of its obligation to pay maintenance and cure benefits to the defendant-seaman. *Id.* at 1091. Characterizing the move as "strategic forum preclusion," the district court dismissed the complaint, exercising its discretion under the Declaratory Judgment Act. *Id.* In so holding, the court stated that the plaintiff-corporation "well knew it faced an eventual Jones Act claim" at the time it filed the declaratory complaint, and noted that the Jones Act suit would encompass many of the same issues. *Id.* at 1092.

The district court based its holding on the United States Supreme Court's decision in *Fitzgerald, supra.* Therein, the Court held that " a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." *Fitzgerald*, 374 U.S. 16 (1963). The Supreme Court reasoned that to separate the claims would be "cumbersome, confusing and time consuming," and place "completely unnecessary obstacles in the path of litigants seeking justice." *Fitzgerald*, 374 U.S. 16 (1963). Thus, the district court in *Blanton* dismissed the

plaintiff's complaint, noting that the purpose of the Declaratory Judgment Act is not served "by trying a case piecemeal." *Blanton*, 764 F. Supp. at 1092.

Defendant's position aligns neatly with this precedent. As an injured seaman, he anticipates filing a Jones Act claim and an action for maintenance and cure in either federal or state court. He should not be deprived of his right to a jury trial on maintenance and cure issues simply because Aries beat him to the courthouse. *See Blanton*, 764 F. Supp. at 1092 (noting that courts should not engage in routinely resolving maintenance and cure claims through declaratory judgment, as it would require Jones Act employees "to engage in a race to the courthouse in order to have their claims heard by a jury or to preserve their forum"). This Court, therefore, should exercise its discretion in Mr. Lolly's favor and dismiss Aries' declaratory complaint.

B. **Even if this Court chooses to consider the complaint, Mr. Lolly is entitled to dismissal because he has not yet reached maximum medical cure**:

Plaintiff's complaint must be dismissed on the merits because Mr. Lolly has not reached maximum medical cure. Mr. Lolly's treating orthopaedic surgeon, Dr. W.R. McArthur, did not find that Mr. Lolly has reached maximum medical cure with respect to his back injury, but instead, specifically stated that although he had been treating Mr. Lolly primarily for his knee injury, he had conducted a back work up "showing some facet disease and central disc bulge."[1] As a result, Dr. McArthur referred Mr. Lolly to Dr. Kamel Elzawahry.

Dr. Elzawahry's report of November 23, 2005 states that an MRI of Mr. Lolly's lumbar spine

---

[1] *See* August 15, 2005 Letter of Dr. McArthur, attached as Exh. A to Defendant's Memorandum in Support of Motion to Dismiss.

4

"showed bulging disc and facet disease."[2] Accordingly, Dr. Elzawahry diagnosed Mr. Lolly with "lumbar facet disease with increasing symptomatology related to work-related injury."[3] He further recommended a trial of lumbar facet injections which Mr. Lolly has begun.[4] Based on these findings, Aries' complaint should be dismissed, as Mr. Lolly clearly has not reached maximum medical cure with respect to his back injury. The injury is directly related to his fall aboard the M/V Chris V, has not resolved, and requires ongoing treatment.

## II. **CONCLUSION**:

Mr. Lolly respectfully requests that this Court to dismiss Plaintiff's declaratory complaint. In an attempt to forum-shop, Aries filed the complaint in anticipation of Mr. Lolly's Jones Act claim and maintenance and cure claim, and entertaining the complaint would deprive Mr. Lolly of his right to a jury trial on the maintenance and cure issues. Moreover, even if this Court decides to consider Plaintiff's complaint, Defendant is still entitled to dismissal on the merits. Mr. Lolly has not reached maximum medical cure with respect to his back injury, and Aries' obligation to pay maintenance and cure has not terminated.

---

[2] *See* November 23, 2005 report of Dr. Elzawahry, attached and hereinafter referred to as Exh. E.

[3] *Id.*

[4] *Id.*

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC**

By: _____
    IRVING J. WARSHAUER (T.A.)
    BAR NO. 13252
    KARA M. HADICAN
    BAR NO. 29234
    2800 Energy Centre
    1100 Poydras Street
    New Orleans, Louisiana 70163-2800
    Telephone: (504) 522-2304

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, on this 24th day of January, 2006.

_____
IRVING J. WARSHAUER

LAW OFFICES
# GAINSBURGH, BENJAMIN,
# DAVID, MEUNIER & WARSHAUER, L.L.C.

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
STEVAN C. DITTMAN
TRACEY L. RANNALS
TODD R. SLACK
MICHAEL J. ECUYER
KARA M. HADICAN
TODD J. BIALOUS

2800 ENERGY CENTRE
1100 POYDRAS
NEW ORLEANS 70163-2800

January 24, 2006

OF COUNSEL
JACK C. BENJAMIN
SAMUEL C. GAINSBURGH
(1926-2003)

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

Honorable Marcia LeLeux
Clerk, United States District Court
Western District of Louisiana
Federal Building
800 Lafayette Street
Suite 2100
Lafayette, Louisiana 70501

    Re:    Aries Marine Corporation versus John Lolly
            USDC No. 05-1883
            Our File No. 05-5739

Dear Sir or Madam:

I have enclosed the original and one copy of defendant's Reply Memorandum in Support of Motion to Dismiss. Please file the original into the record of the above referenced case and return a date-stamped copy to me in the enclosed self-addressed, stamped envelope. It is my understanding from Nancy that there are no costs due for this filing. done nc

With thanks for your assistance, I am

                            Sincerely,

                            Irving J. Warshauer

IJW/cpm
Enclosures
    cc:    George C. Plauche, Esq.
            C. Wes Pittman, Esq.