RECEIVED
MAR 1 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| Aries Marine Corp. | Civil Action No. 05-1883 |
| versus | Judge Tucker L. Melançon |
| John Lolly | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a Motion To Dismiss, filed by defendant, John Lolly.[1] *R. 3; 9.* For the reasons that follow, the motion will be granted.

*Background*

This action for declaratory judgment filed by Aries Marine Corporation ("Aries Marine") arises out of alleged injuries sustained by Aries Marine's employee, John Lolly, on February 5, 2005. Aries Marine seeks the Court's determination of Lolly's right, if any, to the receipt of maintenance and cure benefits under the general maritime law. *R. 1.* In the motion at bar, Lolly moves for dismissal of Aries Marine's declaratory judgment action.

*Analysis*

---

[1] Based on defendant's pleading, the Magistrate Judge converted the Motion to Dismiss to a Motion for Summary Judgment on January 1, 2006. *R. 6.* Thereafter, defendant filed a reply brief in response to the motion for summary judgment on January 26, 2006, which is presently before the Court. *R. 9.*

1

The Declaratory Judgment Act provides that "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201. "The Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.' 'The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.' 'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir.2003)(quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995))(internal citations omitted).

The analysis regarding whether to decide or dismiss a Declaratory Judgment action requires a federal district court to determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams* at 387.

Although the Fifth Circuit has noted that determining justiciability in the context of suit for declaratory judgment can be challenging, *see Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir.2000), a case will be justiciable if an "actual

2

controversy" exists between the parties. *Id.* at 895-96. An actual controversy exists where there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests. *Id.* at 896 (citations omitted). While there is no mechanistic process to determine whether an "actual controversy" exists in a declaratory judgment action, the Supreme Court has clearly instructed that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989) (quoting *Brown & Root, Inc. v. Big Rock Corporation*, 383 F.2d 662, 665 (5th Cir.1967))

In its motion, Lolly represents that he has filed no cause of action in any state or federal court as "[he] has not yet reached maximum medical cure" and that Aries Marine's complaint will deprive him of his right to a jury trial in the forum of his choice. In its Complaint, Aries Marine alleges that Lolly has in fact reached maximum medical cure. Accordingly, the declaratory judgment action affirms the nature of an already-existing actual controversy. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989).

Once the justiciability decision is made, the Court must next determine whether it has the authority to grant declaratory relief. "[A] district court does not have

authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283." *Sherwin-Williams*, 343 F.3d at 388. The authority of the Court is not in question under the facts of this case.

The third factor a court must evaluate when regarding possible dismissal of a declaratory action is how to exercise its discretion to decide or dismiss the case. The Fifth Circuit has identified the following seven nonexclusive factors to consider when making this determination: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. Id. at 590-91." *Sherwin - Williams*, 343 F.3d at

388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)). These factors address three issues essential to deciding whether to exercise jurisdiction over a declaratory judgment action or to abstain: the proper allocation of decision-making between state and federal courts; fairness; and efficiency.

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, is relevant to the issues of federalism and efficiency. "[I]f [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390-91. Following a detailed exploration of a split in the circuits concerning whether the lack of a pending state court suit limited a district court's discretion to decide or dismiss a declaratory judgment action, the Fifth Circuit decided to join the Fourth and the Ninth Circuits and concluded:

> [A] per se rule requiring a district court to hear a declaratory judgment action is inconsistent with the discretionary ... standard [established by the Supreme Court].... The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action. *Id.* at 394.

Accordingly, as the real plaintiff has not filed a state court action, this factor is neutral in the Court's analysis.

The next three *Trejo* factors address the fairness concerns related to forum selection. Although the Fifth Circuit has not traditionally favored anticipatory declaratory judgment suits based on forum shopping, the *Sherwin-Williams* court explained, "A proper purpose of [the Declaratory Judgment Act] is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. [Citation omitted.]" *Sherwin-Williams*, 343 F.3d at 397. Other proper reasons for filing declaratory judgment actions include avoiding multiple suits involving the same issues, *SherwinWilliams*, 343 F.3d at 398-99 (citing *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 776-77, 779 (5th Cir.1993)), and choosing one forum over another where the difference in forum does not affect the law that applies to the case. *Id.* at 399. Improper reasons for bringing declaratory judgment actions include "subverting the real plaintiff's advantage in state court," *Travelers*, 996 F.2d at 777; bringing a declaratory judgment action when the declaratory judgment defendants had been restricted from filing state court actions, *SherwinWilliams*, 343 F.3d at 397 n. 7, 399; and choosing one forum over another where the difference in forum changes the law that applies to the case. *Id.* at 397 (citing *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F.2d 599, 602 (5th Cir.1983)).

The record before the Court indicates that on August 15, 2005, Lolly's treating

orthopaedic surgeon, Dr. W.R. McArthur, opined that Lolly had reached maximum medial cure with respect to his knee but not with respect to his back injury. Aries Marine filed this action on October 31, 2005, after the company terminated Lolly's maintenance and cure payments. Aries Marine alleges that payments were terminated based on the October 19, 2005 issuance of a report from Dr. Philip C. Benton, an orthopaedic surgeon who examined Lolly at Aries Marine's request and found that Lolly had reached maximum medical cure and was released to full duty.

In light of the conflicting medical opinions, the evidence suggests that Aries Marine brought this suit not for reasons supported by the purposes of the Declaratory Judgment Act, but for the reason of "subverting the real plaintiff's advantage" in a forum of Aries Marine's choosing. *See SherwinWilliams*, 343 F.3d at 397-99; *Travelers*, 996 F.2d at 777. As the real plaintiff, Lolly's choice of forum is entitled to considerable weight, even if that choice is not the district in which he resides. The plaintiff is generally entitled to choose his forum, and that choice is "highly esteemed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989). Moreover, that Aries Marine won the race to the courthouse does not entitle it to gain precedence in time and forum, forcing Lolly to litigate his Jones Act claim as a compulsory counterclaim in the forum of Aries Marine's choice without a jury. Such a conclusion would

encourage the race to the courthouse. *See Travelers*, 994 F.2d at 779 n. 15 (the chronological order in which cases are filed is not dispositive of the issue of whether to entertain a declaratory judgment action). Finally, litigation of Lolly's lawsuit in the court of his choice will adjudicate any other issues, whereas Aries Marine's declaratory judgment action encompasses only one issue of contested liability between the parties, whether Aries Marine owes Lolly maintenance and cure. Where a maintenance and cure claim is joined with "Jones Act" and unseaworthiness claims, the seaman should be allowed to try all of the claims together to a jury. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 19 (1963).

Therefore, the three *Trejo* factors that address fairness--whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, whether the plaintiff engaged in forum shopping, and whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums--all weigh against the exercise of this Court's discretion to hear the declaratory judgment action. *See Trejo*, 39 F.3d at 590-91.

The remaining applicable *Trejo* factors[2] concerning the convenience of the forum for parties and witnesses and judicial economy bear on the element of efficiency. Aries Marine's Complaint indicates that Lolly is a resident of Florida.

---

[2] As there is no pending parallel action, the Court need not address the seventh *Trejo* factor related to a state judicial decree.

Although Lolly does not indicate where he intends to file an action, the instant federal court forum is presumably inconvenient to him. Nor would retaining the case in federal court necessarily serve the interests of judicial economy. Significant ambiguities exist in the Louisiana law applicable to this case. While this Court certainly has the power to impose its judgment on those issues, resolution by a Louisiana state court would appear preferable. This decision is bolstered by the complete absence of any substantive federal legal issues in the suit currently before the Court.

As provided in the foregoing, the fairness factors enumerated by *Trejo* weigh in favor of dismissal of the declaratory judgment action and the Court will decline to exercise its jurisdiction over the declaratory judgment action. Accordingly, the Motion to Dismiss filed by defendant, John Lolly, which was converted to a Motion for Summary Judgment [Rec. Doc. 3] is GRANTED and this action is dismissed with prejudice.

Thus done and signed this 15 day of March, 2006 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT:
DATE: 3-16-06
BY:
TO: TLM